NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
**FILED**

JUL 3 - 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-125-DLB

LOMAX HUGHES            PETITIONER

VS:        **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, WARDEN            RESPONDENT

Lomax Hughes, who is currently confined in the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the filing fee. The petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## CLAIMS

The petitioner challenges the United States Parole Commission's ("USPC") decision of June 26, 2005, which denied him parole, on the ground that the denial "violates Petitioner's Due Process rights in that it was arbitrary, irrational, unreasonable, capricious, and there's no rational basis in the record" for the decision.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the allegations contained in the petitioner's petition and attached exhibits.

The petitioner describes the charges brought against him in 1990 and provides copies of the several Judgments handed down in the Superior Court of the District of Columbia from 1991 to 1994. These included convictions and sentences for kidnaping, rape, sodomy, and robbery, all while armed, he and a co-defendant having picked up and sexually abused two females on September 20, 1990. These and other sentences were later aggregated to a maximum sentence of 88 years, with a parole eligibility date after serving 142 months.

The petitioner explains that in 1998 Congress shifted the responsibility for D.C. felons' parole decisions from the D.C. Board of Parole to the United States Parole Commission, and he goes on to state that he had an initial parole hearing before the USPC in November of 2001. He complains that despite recognizing his clear conduct, excellent work record, and successful completion of rehabilitative programs and despite calculating that he should be paroled under its guidelines, on September 6, 2002, the USPC, nonetheless, ultimately denied him parole and set the next date for a hearing for three years hence.

The petitioner claims that the USPC did the same thing in 2005, and he provides copies of the 2005 pre-hearing assessment, the summary of the May 19, 2005 hearing, and the USPC's ultimate decision of June 21, 2005. In that decision, the USPC again acknowledged that Hughes' guideline range would warrant parole but again denied parole, explaining its decision as follows:

> After consideration of all factors and information presented, a decision above the Current Total Guideline Range is warranted because you are a more serious risk than indicated by your Base Point Score in that in 1990 you committed an act of Rape of a victim whereby she was taken to an undisclosed location and repeatedly victimized by you and the codefendant. During the process, a handgun was used to threaten and intimidate the victim while the sexual act was committed. Subsequently, within 10 - 15 days you engaged in the second Rape, whereby two victims were taken to an undisclosed location and raped at gunpoint. The fact that three total victims were involved and that these two crimes were committed within a short period of time is

2

> an aggravating circumstance, which falls outside the heartland of the parole guidelines.

Exhibit B, Notice of Action, dated June 21, 2005.

The petitioner complains that none of his rehabilitative accomplishments and good conduct were taken into account by the USPC when it denied him parole, despite guidelines found at 28 C.F.R. §2.80, which require credit for such achievements. He also claims that the USPC violated his Fifth Amendment due process rights when it "failed to award the petitioner credit of one-third of the number of 176 months (57 months) based upon all time in confinement on the current offense for superior program achievement according to its guidelines" and handed down a decision which was "arbitrary, capricious, inadequate, and an abuse of discretion."

The petitioner states that he recognizes that the Court's review is narrow, but his is a case calling for relief because the USPC decision is based on an error of fact. He did not commit 3 rapes. Upon his 2005 consideration for parole, the petitioner admitted to the examiner that he had committed 1990 crimes involving two women, but he steadfastly denied the solo rape, which purportedly occurred two weeks earlier and was actually consensual sex which resulted in a rape charge only when he would not give the woman a ride.

Hughes claims that the Court is obligated to inquire into the evidence and satisfy for itself that there is a factual basis for the USPC's determination that he was convicted of committing 3 acts of rape in 1990 (contending that there is no evidence of the solo rape--the only thing in the record is his guilty plea to assault with intent to rape in 1993). He also alleges, incorrectly, that the USPC cannot rely on facts or evidence which was not proven beyond a reasonable doubt (claiming that the other rape upon which the USPC relied had not been proven beyond a reasonable doubt).

3

The petitioner sets out how he thinks his score should have been calculated, including an award of points for his superior achievements, and he seeks injunctive relief in the form of an order either directing the USPC to comply with its guidelines and credit him with 58 months or directing his immediate release.

## DISCUSSION

The petitioner apparently misunderstands the breadth of discretion placed in the USPC and the scope of the federal courts' role in parole matters.

Hughes' allegation that the USPC's 2005 decision violated the Fifth Amendment fails to state a claim upon which relief can be granted. First, under *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S. Ct. 2100 (1978), inmates have no liberty interest in, hence no due process rights with regard to parole. The Supreme Court explained, "the possibility of parole provides no more than a mere hope that the benefit will be obtained." 442 U.S. at 11. The Court also commented, "Judge Henry Friendly cogently noted that 'there is a human difference between losing what one has and not getting what one wants.' Friendly, "Some Kind of Hearing," 123 U.Pa.L.Rev. 1267, 1296 (1975)." *Id.* at 10.

Without a liberty interest, the prisoner has no due process claim. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir.1993). Due process rights are only triggered by the deprivation of a legally cognizable property interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3rd Cir. 2003). Parole is not one of them.

The Sixth Circuit Court of Appeals summarized the role of the court when a petition for a writ of habeas corpus comes to the federal courts complaining of a decision by the United States Parole Commission, in *Persico v. Gluch*, 948 F.2d 1289, 1991 WL 246972 (6th Cir. 1991)

4

(unpublished opinion):

> Our review of Parole Commission decisions is extremely limited. This court has held that "the Parole Commission's substantive decision to grant or deny parole is an action 'committed to agency discretion' under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)." *Farkas v. United States*, 744 F.2d 37, 39 (6th Cir. 1984). "'[T]he inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.'" *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 130 (6th Cir. 1987) (quoting *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982)).

*Id.* at *1.

Therefore, with regard to the decision itself, this Court's review is quite circumscribed. Any challenge to the substance or merits of a parole decision cannot be the basis for a successful habeas petition because it is based upon review of a factual determination of the USPC. *See Farkas v. United States*, 744 F.2d at 39; *see also Goodman v. Hurst*, 47 F.3d 1168 (6th Cir. 1995) (applying *Farkas* to prisoners serving their sentence in a federal correctional facility for violation of the District of Columbia Code).

Federal courts may review decisions by the USPC only to determine whether a rational basis exists for the Commission's conclusions and to consider whether the Commission acted within its statutory and regulatory authority. *See Kimberlin v. White*, 7 F.3d 527, 533 (6th Cir. 1993); *Hackett v. United States Parole Comm'n*, 851 F.2d at 129-30; *Farkas*, 744 F.2d at 39. "Thus, the inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions." *Hinson v. United States*, 205 F.3d 1340, 1999 WL 1296871 at *1 (6th Cir. 1999) (unpublished).

In the case *sub judice*, the petitioner is correct that the USPC took over the authority to decide parole matters of D.C. Code offenders in 1998 and that the governing regulations are now codified in 28 C.F.R. §2.80, Guidelines for D.C. Code offenders. Hughes contends that he is entitled to a recalculation of the points designated in the regulatory scheme to include this superior achievement in programs and work, as is authorized in §2.80(e)(1); and further, "[i]f superior program achievement is found, the award for superior program achievement shall be one-third of the number of months during which the prisoner demonstrated superior program achievement," under another provision, §2.80(k). He claims that the USPC did not properly follow these, its own guidelines. Moreover, the petitioner claims that the provisions in §2.80(n), Decisions outside the guidelines, are not met, and the USPC should not have used the contested rape against him.

The Court finds to the contrary. The guidelines for determining whether a D.C. offender should be paroled involve assigning "numerical values to pre- and post-incarceration factors," and specifically authorize decisions outside the guidelines. 28 C.F.R. §2.80(b) and (n). Subsection (c), Salient factor score and criminal record, directs the use of the prisoner's "record of criminal conduct," not just his convictions. Further, the regulation provides that the USPC can assign points for "criminal behavior that is . . . not reflected in the offense of conviction but is found by the Commission to be related to the offense of conviction (i.e., part of the same course of conduct as the offense of conviction)." 28 C.F.R. §2.80(g)(6)(ii).

The record herein shows that both the pre-hearing assessment and the examiner's hearing summary contained an assessment that the petitioner had demonstrated excellent work, a clean prison record, and program achievements. These achievements were recounted, not ignored. The hearing summary also recounts details of the petitioner's September 20, 1990 abusive conduct and his

6

version of events related to the solo offense. The hearing examiner, however, found that the persuasive factor was that "there were three separate victims on two separate occasions of violence [sic] sex crimes." Hearing Summary.

Additionally and importantly, the record includes the fact that Hughes "was suspected (along with a codefendant) of committing at least two additional rapes and robberies on 8/28/90 and 9/20/90." Prehearing Assessment. It is well established that the USPC is not limited to considering only final convictions or those which are uncontested, but is entitled to consider all relevant and available information. *See Elliot v. U.S.P.C.*, 946 F.2d 894, 1991 WL 203758 at *1 (6th Cir. 1991) (unpublished) (citing *Hackett v. United States Parole Comm'n*, 851 F.2d at 130).

The record also includes copies of the judgments of conviction for the armed offenses involving the two women as well as the conviction for assault with intent to rape and second degree theft, which he admitted in his guilty plea and which could certainly be considered as part of the "same course of conduct," which may be taken into account under the regulation. Additionally, the 2005 hearing summary includes the information that at the time of Hughes' 2002 decision, the USPC had gone beyond the guidelines "because he was considered a more serious risk in that there were two separate incidents of sex offenses. In addition, this examiner would note that there were aggravating circumstances in that the two crimes were committed within two weeks of each other and that there were multiple victims (three)." Hearing Summary.

The USPC's decision, after consideration of the number and nature of Hughes' offenses, was permissible under the regulations. Moreover, this decision is supported on the record, the record herein including Hughes' admission to the kidnaping, rape, and abuse of two women on one occasion and his guilty pleas to another offense against a woman, an assault, if not a rape. Because

the Court finds support for the USPC's decision in the record, the decision is insulated from the Court's review. *See Hackett*, 851 F.2d at 129.

A federal court may not overturn a decision by the USP "unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." *McKinnon v. Conner*, 120 Fed.Appx. 280, 283 (10th Cir. 2005). No such showing has been made herein, and the Court may not, therefore, intrude in the process to grant the petitioner the relief he seeks. There is nothing in the challenged parole proceeding that shocks the conscience of the Court. To the extent that the decision-maker found the aggravating circumstances to outweigh the factors which the petitioner preferred, the USPC was not prohibited from doing so.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Lomax Hughes' petition for writ of habeas corpus is **DENIED**. This action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This 3rd day of July, 2006.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\Hughes 06-125-DLB MOO dismiss LK.wpd

8